UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BURCHETT, et al., | No. 2:19-cv-01812-MCE-EFB |
| Plaintiffs, | |
| v. | **ORDER** |
| STATE OF CALIFORNIA DEPARTMENT OF FORESTRY AND FIRE PROTECTION, et al., | |
| Defendants. | |

By way of this action, Plaintiff Heather Burchett seeks to recover on behalf of herself and her minor child, G.B., (collectively "Plaintiffs") for injuries sustained when her spouse, Matthew Burchett, ("Decedent") was fatally wounded battling a forest fire in Mendocino County. She initiated her negligence claims against the State of California Department of Forestry and Fire Protection ("CalFire"), CalFire Supervisor Garrett Prater, CalFire Trainee Jacobie Walters, and Global SuperTanker Services, LLC, ("GSTS")[1] in the Sacramento County Superior Court, after which GSTS removed the matter here.[2] Presently before the Court are Plaintiffs' Motion to Remand (ECF No. 18)

---

[1] GSTS was erroneously sued as "SuperTanker Services, LLC."

[2] CalFire, Prater, and Walters are hereafter referred to together as the "State Defendants." When referring to all Defendants collectively, the Court will use the term "Defendants."

1

and Motions to Dismiss (ECF Nos. 13, 24) filed by GSTS and CalFire.  For the reasons that follow, Plaintiffs' Motion is DENIED, and CalFire's and GSTS's Motions are GRANTED.[3]

## BACKGROUND[4]

Decedent was an experienced Battalion chief and firefighter in Utah and was a leader with the Utah Multi-Agency Taskforce ("Utah Taskforce").  On approximately July 29, 2018, CalFire placed large resource orders out of state to assist with unprecedented fire activity throughout the state.  The Utah Taskforce, including Decedent, responded to the request and arrived in California on or about August 3, 2018, to assist with the management of the Mendocino Complex Fire in Northern California.  Decedent, as the Utah Taskforce leader, attended daily operational briefings and "breakouts" through the CalFire Division C Supervisor, Defendant Prater, and Defendant Waters, and others, which addressed daily weather, topography, hazards, safety concerns and other considerations relating to their duties.

On August 13, 2018, the Utah Taskforce was requested to reinforce a dozer line and place a hose lay to hold a firing operation.  Beginning at 1:00 p.m. that day, aircraft firefighting operations were requested to drop retardant adjacent to the dozer line as a reinforcement to "hold the line."  As part of these retardant drops, Division C was to coordinate communications between the air and ground forces.  At all relevant times, Decedent was performing ground force activities "in the black," which refers to a safe drop zone.

At approximately 5:25 p.m., a Very Large Airtanker ("VLAT"), a 747 airplane believed to be owned by GSTS, dropped retardant in the safe zone.  The VLAT and its

---

[3] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

[4] The following recitation of facts is taken, largely verbatim, from Plaintiffs' Complaint.

pilot had purportedly not performed drops in the area, were not familiar with the heavy vegetation and elevation changes in the flight path, and thus initiated the drop directly over Decedent and other ground forces.  The drop occurred less than 100 feet above the tops of the trees, which is a much lower elevation than required for such retardant drops.  As a result, "misting" of the retardant did not occur and it instead struck the area where Decedent and others were located with extreme force.  Tragically, the retardant struck an 87-foot tall Douglas fir tree with a 15-inch diameter at breast height and uprooted the tree, which fell directly onto Decedent, killing him.

Plaintiffs thereafter initiated this action alleging a negligence cause of action against GSTS, along with a claim for Negligent Act or Omission of Public Employee against CalFire, Prater, and Waters.  GSTS removed the action to this Court, arguing that federal jurisdiction is appropriate under 28 U.S.C. § 1332.  According to GSTS, the State Defendants were fraudulently joined and their citizenship must thus be disregarded under 28 U.S.C. § 1441(b)(1).  Since, GSTS argues, the remaining Defendants are diverse and the amount in controversy is met, the case may properly be maintained here.  Alternatively, GSTS contends federal question jurisdiction exists under 28 U.S.C. § 1331 because the event giving rise to Plaintiffs' claims occurred in a federal enclave.

Plaintiffs disagree and have moved to remand the case to the Sacramento County Superior Court.  In the meantime, GSTS and CalFire filed motions to dismiss this matter, arguing, among other things, that they are immune to suit.  The Court addresses these motions in turn.

**STANDARD**

**A.   Motion to Remand**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There are

3

two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331.  A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id.  Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

If the district court determines that removal was improper, then the court may also award the plaintiff costs and attorney fees accrued in response to the defendant's removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law. Balcorta v. Twentieth-Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

**B.    Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." <u>Id.</u> at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." <u>Id.</u> (citing 5 Charles Alan Wright & Arthur R. Miller, <u>supra</u>, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id.</u> However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Id.</u> at 556 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

5

to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.    Plaintiffs' Motion to Remand and CalFire's Motion to Dismiss

Plaintiffs contend that "remand is appropriate because: (A) the Forum Defendant Rule precludes removal to Federal Court; (B) [GSTS] cannot meet its burden of proving that the 'Federal Enclave' applies to this case; and (C) the other named defendants have not joined in [GSTS's] Notice or otherwise indicated their consent to removal."  Pls.' Mot. at 4.  Because the Court concludes that the State Defendants were "fraudulently joined" for jurisdictional purposes and that diversity jurisdiction consequently exists under 28 U.S.C. § 1332, it need not reach Plaintiffs' remaining arguments.

Under 28 U.S.C. § 1441(b)(2), the "Forum Defendant Rule," Congress provided that "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  Accordingly, in this case if the State Defendants are "properly joined," removal

is improper. Conversely, if the Court concludes that the State Defendants were "fraudulently joined," jurisdiction exists.[5]

"[F]raudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998). In assessing whether the joinder of a party is fraudulent and a "sham" intended only to defeat diversity, courts look to whether the plaintiff has failed to "state a cause of action against a resident defendant, and whether that failure is obvious according to the settled rules of the state." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). Where plaintiff has obviously failed to state any claim under such settled law, remand for lack of diversity would be improper. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067–68 (9th Cir. 2001).

Defendants are entitled to present facts showing fraudulent joinder. Ritchey, 139 F.3d at 1318. There is a general presumption against fraudulent joinder, however, and it is the defendant's burden to prove it by clear and convincing evidence. Hamilton Materials, Inc., 494 F.3d at 1206. Simply alleging that a plaintiff has not pled sufficient facts to state a claim does not necessarily suffice if plaintiff could potentially amend the complaint to allege a viable claim. Birkhead v. Parker, 2012 WL 4902695 at *2–3 (N.D. Cal. Oct. 15, 2012). Nonetheless, if it is clear under state law that under no circumstance identified by a plaintiff could a viable claim be made against the defendant alleged to have been fraudulently joined, dismissal can still be appropriate. See Good v. Prudential, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). In other words, if there "exists 'a non-fanciful possibility' that Plaintiff can state a claim under California law against the non-diverse defendant, the Court must remand." Hernandez v. Ignite Rest. Group, Inc., 917 F. Supp. 2d 1086, 1091–92 (E.D. Cal. 2013) (quoting Nasrawi v. Buck Consultants,

---

[5] There is no dispute that the amount in controversy is met in this case.

1  LLC, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011)).  In sum, "'a non-diverse
2  defendant is deemed a sham defendant if, after all disputed questions of fact and all
3  ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff
4  could not possibly recover against the party whose joinder is questioned.'"  Id.  Since
5  Plaintiffs' only claim against the State Defendants is a cause of action for negligence,
6  Defendants now bear the burden of showing, with all state law ambiguities resolved
7  against them, that there is no possibility that Plaintiffs can state such a claim or that the
8  possibility they could is fanciful.[6]

9  "In order to prove facts sufficient to support a finding of negligence, a plaintiff must
10  show that the defendant had a duty to use due care, that he breached that duty, and that
11  the breach was the proximate or legal cause of the resulting injury."  Hayes v. County of
12  San Diego, 57 Cal. 4th 622, 629 (2013) (brackets omitted).  The California Government
13  Code provides, however, that:

> Neither a public entity, nor a public employee acting in the scope of his employment, is liable for any injury resulting from the condition of fire protection or firefighting equipment or facilities or, except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, for any injury caused in fighting fires.

18  Cal. Gov. Code § 850.4.  Accordingly, by the plain language of the statute and pursuant
19  to the interpretive case law, the State Defendants are all immune given that Decedent's
20  fatal injury was sustained in the throes of battling a wildfire.  See State v. Superior Court
21  (Nagel), 87 Cal. App. 4th 1409 (2001) (defendants entitled to § 850.4 immunity as
22  against claims brought by pilot injured during the course of an attempted retardant drop).
23  Plaintiffs do not dispute that the foregoing immunity bars the bulk of their
24  negligence theories.  Instead, they contend the immunity does not apply to the extent
25  they are actually challenging negligent acts that occurred prior to the fire starting (i.e.,

---

[6] Both Plaintiffs' Motion to Remand and the State Defendants' Motion to Dismiss turn on whether Plaintiffs have stated and/or can state a viable negligence claim.  If Plaintiffs have not, and the elements of diversity jurisdiction are otherwise satisfied, then granting the Motion to Dismiss, denying the Motion to Remand, and ultimately maintaining jurisdiction over this case is proper.

State Defendants failure to "properly, hire, train supervise . . . employees," which "contributed to the events that resulted in [Decedent's] death"). Pls.' Opp., ECF No. 30, at 7, 10.

Plaintiffs' argument is unpersuasive because absent a "special relationship," which Plaintiffs do not allege in the Complaint or argue in opposition could exist here, public entities in California cannot be held liable for negligent hiring, training or supervision. See Fuentes v. City of San Diego, 2017 2670976, at *3 (S.D. Cal. June 20, 2017). Other than making a generic argument that CalFire is liable for negligence on the foregoing grounds, Plaintiffs have not identified any special relationship that might give rise to such a claim. In addition, Plaintiffs have not alleged (or argued that they could possibly allege given the circumstances of this case) any facts to show that CalFire or any particular employee(s) negligently hired, supervised, or trained another CalFire employee, thereby causing Decedent's injuries. Finally, the Court's conclusion is consistent with prior interpretations of § 850.4 to "provide for a broad immunity from liability for injuries resulting in connection with fire protection services. Cairns v. County of Los Angeles, 62 Cal. App. 4th 330, 335 (1997) (internal quotation marks and citations omitted). Any finding to the contrary strains credulity and notions of common sense.[7]

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 18) is DENIED, and the CalFire's Motion to Dismiss (ECF No. 24) is GRANTED.[8] Although generally leave to amend would be "freely given," to do so here would imply that Plaintiffs could

///

---

[7] Indeed, it bears noting that were the Court to accept Plaintiffs' argument, it would essentially ameliorate the protections set forth in § 850.4 altogether. Almost any negligence action based on firefighting could include an allegation of negligent failure to hire, train, and supervise in an attempt to circumvent the statutory protections.

[8] It does not appear that either Defendants Prater or Walters have yet appeared in this action. To the contrary, it appears that the parties anticipated that these Defendants might be voluntarily dismissed. See ECF No. 26, Ex. A. Although the court disregards their citizenship for jurisdictional purposes for the reasons just articulated, there is no motion to dismiss these individuals pending before the Court. Not later than ten (10) days following the date this memorandum and order is electronically filed, Plaintiffs are directed to file either: (1) a request for dismissal of the individual Defendants based on the analysis herein; or (2) a status report advising the Court how Plaintiffs anticipate proceeding.

state a viable negligence claim, and the Court has already concluded they cannot. Therefore, no leave to amend will be permitted.

**B.     GSTS's Motion to Dismiss**

According to GSTS, Plaintiffs' claim against it must be dismissed because it is immune to suit under: (1) California Government Code § 850.4; (2) California Health and Safety Code § 1799.107; and (3) California Public Utility Code § 774.  GSTS's argument as to § 1799.107 is well taken, and the Court need not address the application of the remaining statutes

California Health and Safety Code § 1799.107 provides:

> (a) The Legislature finds and declares that a threat to the public health and safety exists whenever there is a need for emergency services and that public entities and emergency rescue personnel should be encouraged to provide emergency services. **To that end, a qualified immunity from liability shall be provided for public entities and emergency rescue personnel providing emergency services.**
>
> (b) Except as provided in Article 1 (commencing with Section 17000) of Chapter 1 of Division 9 of the Vehicle Code, **neither a public entity nor emergency rescue personnel shall be liable for any injury caused by an action taken by the emergency rescue personnel acting within the scope of their employment to provide emergency services, unless the action taken was performed in bad faith or in a grossly negligent manner.**
>
> (c) For purposes of this section, it shall be presumed that the action taken when providing emergency services was performed in good faith and without gross negligence. This presumption shall be one affecting the burden of proof.
>
> (d) For purposes of this section, "emergency rescue personnel" means **any person who is an officer, employee, or member** of a fire department or fire protection or firefighting agency of the federal government, the State of California, a city, county, city and county, district, or other public or municipal corporation or political subdivision of this state, or **of a private fire department**, whether that person is a volunteer or partly paid or fully paid, while he or she is actually engaged in providing emergency services as defined by subdivision (e).
>
> (e) For purposes of this section, "emergency services" includes, but is not limited to, first aid and medical services, rescue procedures and transportation, or other related activities necessary to insure the health or safety of a person in imminent peril.

Cal. Health and Safety Code § 1799.107 (emphasis added).

GSTS contends that it is entitled to immunity under the foregoing language because: (1) it qualifies as "emergency rescue personnel," in that it is purportedly both a private fire department and a servant of the State; and (2) Plaintiffs have failed to allege it acted in bad faith or with gross negligence. On their face, GSTS's arguments are belied by the plain language of the statute. According to § 1799.107(d), "emergency rescue personnel," includes, as is pertinent here, "any **person** who is an officer, employee, or member . . . of a private fire department." The definition does not, however, include private fire departments themselves. Nor, as indicated above, does the Complaint adequately allege that GSTS is a servant of CalFire.

That said, "[b]ecause the vicarious liability of the employer is wholly dependent upon or derived from the liability of the employee, any substantive defense that is available to the employee inures to the benefit of the employer." Lathrop v. HealthCare Partners Med. Group, 114 Cal. App. 4th 1412, 1423 (2004). Here, GSTS has shown it was acting as a private fire department during the course of the events underlying Plaintiffs' claims and that its employees are thus entitled to qualified immunity where, as here, there are no allegations of bad faith or gross negligence. See Walsh v. American Medical Response, Case No. 2:13-cv-02077-MCE-KJN, 2014 WL 2109946 (E.D. Cal. May 20, 2014) (discussing vicarious liability of a private entity when analyzing the similar immunities set forth in California Health and Safety Code § 1799.106). Accordingly, GSTS has shown that the statutory immunity applies, and its Motion is GRANTED with leave to amend.[9]

///
///
///
///

---

[9] The Court is not persuaded by Plaintiffs' argument that a retardant drop intended to combat a massive forest fire does not fall under the ambit of "emergency services." Flying a VLAT into a firefight by definition seems to the Court to qualify.

**CONCLUSION**

Plaintiffs' Motion to Remand (ECF No. 18) is DENIED.  CalFire's Motion to Dismiss (ECF No. 24) is GRANTED without leave to amend, and GSTS's Motion to Dismiss (ECF No. 13) is GRANTED with leave to amend.  Not later than twenty (20) days following the date this Order is electronically filed Plaintiffs may (but are not required to) file an amended complaint.  If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.  Finally, not later than ten (10) days following the date this Order is electronically filed, Plaintiffs are directed to file either: (1) a request for dismissal of the individual Defendants based on the analysis herein; or (2) a status report advising the Court how Plaintiffs anticipate proceeding.

IT IS SO ORDERED.

Dated:  May 19, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE