1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BURCHETT and G.B., by and through his Guardian ad litem, Heather Burchett,<br><br>        Plaintiffs,<br><br>   vs.<br><br>GLOBAL SUPERTANKER SERVICES, LLC; and DOES 1 through 50,<br><br>        Defendants. | Case No. 2:19-cv-01812-MCE-JDP<br><br>STIPULATED PROTECTIVE ORDER<br><br>ECF No. 57 |

1

**STATEMENT OF GOOD CAUSE**

2      This is a wrongful death lawsuit brought by the heirs of Matthew Burchett,

3 who was a battalion chief and firefighter with Draper City, Utah, and a leader with

4 the Utah Multi-Agency Task Force.  Plaintiffs' First Amended Complaint alleges

5 that Mr. Burchett, along with the Utah Multi-Agency Task Force, was called in to

6 assist the California Department of Forestry and Fire Protection ("Cal Fire") during

7 the Mendocino Complex Fire in August 2018.  Mr. Burchett allegedly sustained

8 fatal injuries in the midst of firefighting operations when a Douglas Fir tree fell on

9 him at the Mendocino National Park.  Plaintiffs' FAC alleges causes of action for

10 negligence, gross negligence, and strict liability for ultrahazardous activity based

11 upon this incident.  Plaintiffs and GSTS are collectively referred to herein as "the

12 Parties."

13      The Parties will shortly exchange discovery and the Parties also intend to

14 seek discovery from third parties, including Cal Fire, the Draper City Fire

15 Department, and the Kings County Fire Department.  The Parties will seek

16 discovery regarding confidential and proprietary materials, including: (1) any and

17 all investigative reports and documents pertaining to this incident generated by Cal

18 Fire, the Draper City Fire Department and the Kings County Fire Department; (2)

19 employee files, including training and disciplinary records, for all persons involved

20 in this alleged incident, including employees of Cal Fire, the Draper City Fire

21 Department, and the Kings County Fire Department; and (3) GSTS's proprietary

22 manuals and training materials, and (4) other confidential and/or proprietary

23 documents and files.  The Parties, as well as the third parties involved in discovery

24 in this action do not wish these documents to be made available to the public.

25      The Parties are entering into the following stipulated protective order so that

26 the Parties and any third parties can disclose these documents and other

27 confidential and proprietary documents that may be requested in discovery to

28 confidentially in connection with this litigation.

**PROTECTIVE ORDER**

Based upon the foregoing and based upon the stipulation of the Parties, and good cause appearing, IT IS ORDERED as follows:

1.      Any Party may designate items of discovery or other information produced or disclosed to any other Party as confidential and subject to the terms of this protective order, so long as any such designation is made in good faith.  Items, including documents, tangible things or information, may be designated as confidential if a Party believes in good faith the information contains trade secrets, personal information, competitively sensitive information, proprietary or otherwise confidential information that may be the subject of a protective order under Rule 26 of the Federal Rules of Civil Procedure.  All documents designated as confidential under this Order shall be marked prior to production by placing the legend **"CONFIDENTIAL"** on each page of the document.  Except as otherwise adjudicated by the Court, all items so marked, and all copies, prints, summaries, or other reproductions of such information, shall be subject to this Order.

2.      Unless otherwise directed by the Court or through prior written agreement of the Parties, and subject to the limitations of Paragraph 1 above, information and documents subject to this Order shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action, including any appeals.  Any copies, excerpts, summaries, analyses, or other disclosures of, or references to, the substance or contents of any information designated as confidential shall be protected to the same extent as the underlying information.  Except as provided for below and in the paragraphs that follow, the Parties shall keep all confidential information and documents strictly confidential from all persons.  The information and documents subject to this Order may be disclosed only to:

(a) The actual named Parties, in the case of individual (non-corporate)

Parties in this action;

(b) In the case of corporate Parties in this action, officers, directors, insurers, in-house counsel and current and former employees of such corporations deemed reasonably necessary by counsel for the prosecution, defense, trial or appeal of this action, including employees and former employees of such Parties who testify as pretrial or trial witnesses in connection with this action;

(c) Counsel (and their staff) who represent the Parties in this action;

(d) Experts or consultants retained by counsel, whether or not they are expected to testify;

(e) The Court and court personnel for any purpose the Court finds necessary;

(f) Jurors and court personnel at trial of this case; and

(g) Stenographic and/or videographic personnel hired to record testimony.

3.      Disclosures shall be made to such persons identified in Paragraph 2, and such persons may review such disclosures, only as necessary for purposes of litigating this action.  The persons identified in Paragraph 2 shall not otherwise disseminate the information and documents subject to this Order, or the substance of such information or documents.

4.      Counsel (and counsel's staff) for the receiving Parties will abide by, and be bound by, the provisions of this Protective Order, and will use due care to ensure that the provisions of the Protective Order are known and adhered to by clients, all persons under counsel's supervision and/or control and any person, firm or corporation who has been retained by counsel to act on the receiving Party's behalf in connection with this litigation.

5.      With respect to deposition testimony and any document marked as an exhibit thereto, the designation of confidentiality may be made on the record at the time of the deposition, and the designated testimony shall be subject to the full

1  protection of this Order, unless challenged in accordance with the procedures of

2  Paragraph 14.  In the case of testimony not so designated during the course of a

3  deposition, counsel may so designate confidential testimony, within thirty (30)

4  days of the deposition testimony and/or exhibits which contain confidential

5  material, in which case the designated testimony and/or exhibits shall be subject to

6  the full protections of this Order.  Until the thirty (30) day period for notification

7  has elapsed, deposition transcripts in their entirety and all exhibits are to be

8  considered as confidential and proprietary and subject to the provisions of this

9  Protective Order.  If, prior to and/or during the course of a deposition, a witness

10  refuses to be bound by the terms of the Protective Order, the deposition shall be

11  adjourned until application can be made to the Court regarding the deposition.

12         6.       Each person given access to documents and information subject to this

13  Order, except those persons identified in paragraph 2(c), (e), and (f) above, must

14  acknowledge this Order and agree, in writing, to be bound by all its terms and

15  conditions.  This requirement must be satisfied by obtaining the signature of the

16  person or persons on a copy of the Agreement to Be Bound by Protective Order,

17  attached as Exhibit "A" hereto.  By agreeing to be bound by this Order, each

18  person consents to the jurisdiction of this Court over his or her person for any

19  proceedings involving alleged improper disclosure of documents or information

20  protected by this Order.  Each Party shall maintain the original signed written

21  agreements (in print or electronic format) and a list of all experts, consultants or

22  persons to whom the information and documents or copies thereof were revealed.

23  The list of signatories shall not be revealed to any other person or persons except

24  through court order, which shall only be granted upon a showing of good cause.

25  The Parties agree that a prima facie showing of good cause may be established by

26  evidence that a protected document has been disseminated or used contrary to the

27  terms of this Order (e.g., is in the possession of one not bound by the terms of this

28  Order) and that a reasonable basis exists to find that a particular individual or Party

1   (or agents thereof) improperly used or disseminated the confidential information.

2   The Party that appears to have improperly disseminated the protected document or

3   information shall be required to produce its list of signatories to the Agreement to

4   Be Bound by Protective Confidentiality Order to the Party having claimed

5   confidentiality.

6          7.      If a Party intends to submit to the Court a document marked as

7   confidential either before or during trial, that Party or any other Party may request

8   that such document be placed under seal.  If the Parties agree, such request shall be

9   presented to the Court as a stipulated motion.  Otherwise, the request shall be

10  presented to the Court as a contested motion.  Compelling reasons must be shown

11  for the under seal filing.  The purpose of this provision is to avoid placing

12  documents under seal unnecessarily.

13         8.      Neither this Order nor the designation of any item as confidential shall

14  be construed as an admission that such document, information or testimony would

15  be admissible in evidence in this litigation or in any other proceeding.  In addition,

16  this Protective Order does not, of itself, require the production of any information

17  or documents; nor does the existence of this Order constitute an admission or

18  finding that any material marked as confidential is entitled to protection under

19  applicable law.

20         9.      Nothing in this Order shall be deemed a waiver of any Party's right to:

21  (a) oppose discovery on grounds other than that the same constitutes or contains

22  confidential information, or (b) object on any ground to the admission in evidence,

23  at the trial of this action, of any confidential information.

24         10.     If any Party wishes to petition the Court to modify this Order or its

25  application to certain documents or information, the Party shall follow all

26  applicable Federal Rules of Civil Procedure and Local Rules in petitioning the

27  Court for relief.

28         11.     All Parties, within sixty (60) days of the final conclusion of all aspects

of this litigation, or a dismissed Party within thirty (30) days of that Party's

dismissal with prejudice prior to the final conclusion of all aspects of this

litigation, shall:

    (a) Provide to the Party's counsel that originally produced confidential

        information a copy of all Agreements executed pursuant to paragraph 6,

        above; and

    (b) Retrieve all such confidential information, including all copies thereof

        and all documents identifying such confidential information, in that

        party's possession, custody or control, or in the possession, custody or

        control of all such persons to whom the confidential information was

        disseminated pursuant to paragraph 6, and either: 1) return all such

        confidential information to the Party's counsel that originally produced

        the confidential information (redacting any work product of the receiving

        counsel) at the producing counsel's business office or any subsequent

        address designated by that counsel, or 2) completely destroy all such

        confidential information; and

    (c) Upon written request, provide a declaration under the penalty of perjury

        stating that a good faith effort was made to retrieve all such confidential

        information received and/or disseminated, and that all such confidential

        information has been either returned or destroyed as indicated in

        subparagraph (a) and (b) above.

    12.    Up and until the commencement of trial, but not thereafter, the

provisions of this Order relating to the confidentiality of protected documents and

information shall remain in full force and effect and continue to be binding, except

with respect to documents or information that are publicly available.  This Court

retains jurisdiction over all persons provided access to confidential materials or

information for enforcement of the provisions of this Order up and until trial is

commenced, but not thereafter.

13.     Nothing in this Order shall be deemed to preclude any Party from seeking or obtaining, on the appropriate showing, additional protection with respect to the confidentiality of documents or information.  Nor shall any provision of this Order be deemed to preclude any Party from challenging the validity of the confidentiality of any materials or information so designated.

14.     If a Party elects to challenge the designation of confidentiality ("Challenging Party") of any document, information or testimony, the Challenging Party shall notify the Party who designated the challenged document ("Designating Party") as confidential of its challenge, in writing.  Once the challenge is raised, the Parties shall promptly confer and make reasonable and good faith efforts to resolve the disagreement without intervention by the Court.  If they are unable to resolve their differences in good faith within ten (10) days of receipt of the challenge, the Challenging Party shall request a ruling from the Court with respect to the confidential treatment of the information at issue within thirty (30) days of completion of the meet and confer efforts.  The Designating Party shall have the burden to prove that the challenged document, information or testimony is entitled to protection under applicable law.  Until such time as the Parties' contentions regarding the confidentiality of documents, information or testimony are fully and finally adjudicated, all documents, testimony or other materials designated by defendants as confidential shall retain their confidential status.  Nothing in this agreement shall be deemed to alter, modify or reduce the burden on any party asserting a privilege to make out all elements of the privilege claimed.

15.     It is recognized by the Parties to this Protective Order that documents or testimony may be designated inadvertently or erroneously as confidential, or that such a designation inadvertently or erroneously may be omitted with respect to documents or information that are entitled to such protection.  Any Party to this Protective Order may correct its designation or lack thereof within a reasonable time and shall, at its own expense, furnish to all counsel copies of the documents

- 8 -

1 for which there is a change in designation.

2   16.   It is recognized by the Parties that documents or testimony stamped as

3 confidential may be inadvertently disclosed to third parties by a receiving Party.

4 Any receiving Party may correct this inadvertent disclosure without sanction by

5 immediately bringing it to the attention of the producing Party by letter to the

6 producing Party's counsel in which the third Party is identified by name and

7 address.  The receiving Party shall further provide an affidavit of counsel

8 confirming that to the best of his or her knowledge the documents and any copies

9 thereof were recovered from the third party.

10   17.   All documents or information produced by the Parties prior to the

11 entry of this Protective Order by the Court shall be subject to the provisions of this

12 Protective Order to the same extent as if such Protective Order had been entered by

13 the Court as of the date such documents or information were produced.  Producing

14 Parties shall have thirty (30) days from the date of entry of this Order to designate

15 already-produced materials as confidential.  However, documents or information

16 obtained through means other than discovery in this action shall not be subject to

17 this Protective Order.

18   18.   In the event that any person identified in paragraph 2 above who has

19 been provided access to confidential information produced in this action ("Person

20 Served"):  (a) is served with a subpoena in another action, or (b) is served with a

21 demand in another action to which he or she is a party, or (c) is served with any

22 other legal process by one not a Party to this litigation, seeking information that

23 has been produced in this action by another Party and which is subject to this

24 Protective Order, the Person Served shall give prompt written notice of such event

25 to counsel of record for the Party that produced the information.  Upon receipt of

26 written notice, the Party which produced the information shall advise the Person

27 Served of that Party's position with respect to the protected information.

28 Thereafter, the Party which produced the information shall assume responsibility

1  for prosecuting any objection to the discovery requests, subpoena or demand, and

2  the Person Served shall cooperate to the extent necessary to preserve the

3  confidentiality of the information.  Should the person seeking access to

4  information take action to enforce such discovery requests, subpoena, demand, or

5  other legal process, the Person Served shall set forth in his response the existence

6  of this Stipulated Protective Order.  Nothing herein shall be construed as requiring

7  the receiving Party to challenge or appeal any order requiring production of the

8  information.

9       19.    This Order shall not prejudice the Parties' rights or arguments

10  regarding whether documents or information used at trial do or do not remain

11  confidential. Such issues will be taken up as a separate matter upon motion of any

12  Party.

13       20.    It is understood by the Parties that this Stipulated Protective Order

14  may be executed in one or more counterparts, each of which shall be deemed an

15  original.

16

17       I hereby attest that concurrence in the filing of the Stipulated Protective

18  Order has been obtained from each of the other Signatories.

19  Dated: July 19, 2021                      CONDON & FORSYTH LLP

20

21                                    By: */s/ Scott D. Cunningham*
                                          SCOTT D. CUNNINGHAM
22                                        CHRISTOPHER R. CHRISTENSEN
                                          MARY K. DOW
23                                        IVY L. NOWINSKI
                                          Attorneys for Defendant
24                                        GLOBAL SUPERTANKER
                                          SERVICES, LLC
25

26

27

28

- 10 -

1    Dated: July 19, 2021                    LAW OFFICE OF DANIEL M. O'LEARY

2

3                                            By: /s/ Daniel O'Leary
                                                 DANIEL O'LEARY
4                                                Attorneys for Plaintiffs
                                                 HEATHER BURCHETT and G.B., by
5                                                and through his Guardian ad litem,
                                                 Heather Burchett
6

7    Dated: July 19, 2021                    EISENBERG CUTT KENDELL & OLSON

8

9                                            By: /s/ Nathan S. Morris
                                                 JEFFREY D. EISENBERG
10                                               NATHAN S. MORRIS
                                                 Attorneys for Plaintiffs
11                                               HEATHER BURCHETT and G.B., by
                                                 and through his Guardian ad litem,
12                                               Heather Burchett

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPROVED AS TO FORM:**

**EXHIBIT "A"**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, the undersigned, acknowledge that I will be receiving documents that have been designated confidential and subject to the terms of the Stipulated Protective Order entered in the above-captioned case.  I understand that such confidential material is to be provided to me pursuant to the terms and restrictions of the aforementioned Protective Order and acknowledge that I have been given a copy of and have read that Protective Order.  I understand that any use by me of documents or information designated confidential under the Stipulated Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Stipulated Protective Order, will subject me to the sanctions of the Court.  I hereby agree to be bound by all of its terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this _____ day of _____, _____.


_____
*Signature*


_____
*Printed Name*


_____
*Witness*


_____
*Printed Name*

- 12 -

1

**ORDER**

2          The parties' stipulated protective order is approved and so ordered.  ECF

3   No. 57.

4

5   IT IS SO ORDERED.

6

7   Dated:     August 25, 2021     _____

JEREMY D. PETERSON

8                                                      UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28